**Guillermo FLORES–PEREZ; Ana Teresa Flores, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70326.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 8, 2007 *.

Filed Jan. 17, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Guillermo Flores–Perez and Ana Teresa Flores, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. *Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir.2006). Reviewing for abuse of discretion, *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying the motion to reopen. The BIA considered the new evidence and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See id.* (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law").

We lack jurisdiction to consider petitioners' contention that the BIA violated their due process rights by denying the motion because this assertion is not supported by the record and does not amount to a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**